United States District Court
for the
Southern District of Florida

| | |
|---|---|
| In re Application of Mary Ann James de James de Holguín | ) ) ) ) Civil Action No. 20-23410-mc-Scola |

### Order on Magistrate Judge's Report and Recommendation

This matter involves Mary Ann James de Holguín's application for assistance with seeking discovery from Respondents Shuts & Bowen LLC and Maria del Pilar Rubio under 28 U.S.C § 1782. (App., ECF No. 1.) Magistrate Judge Edwin G. Torres has issued a report and recommendation concerning Mrs. James de Holguín's application. (R&R, ECF No. 26.)

The Respondents submitted no objections and Mrs. James de Holguín only objected to Judge Torres' recommendation that the Court deny her petition. (Obj., ECF No. 27.) Having reviewed Mrs. James de Holguín's objections, the record, relevant legal authorities, and Judge Torres' report and recommendation, the Court **adopts and affirms** Judge Torres' report in its totality. (**ECF No. 26.**) Accordingly, as set forth in Judge Torres' report, the Court **denies** Mrs. James de Holguín's application (**ECF No. 1**); **partially grants** the Respondents' motion to strike (**Mot., ECF No. 12**); **denies** Mrs. James de Holguín's motion for in camera review (**ECF No. 14**), and **denies** the Respondents' cross-motion (**ECF No. 20**).

The Court agrees with Judge Torres that "the only documents requested in the application appear to be related to the Florida Will, all of which are under the purview of the Florida courts." (R&R 10.) To contest that finding, Mrs. James de Holguín provides a list of five requests that she says "are unrelated to the Florida Will or the MOU." (Obj. 6.) The Court notes that these five requests are a subset of the nine Mrs. James de Holguín originally requested in her application. (*See* App. 5-6.) She does not indicate in her objections whether she purports to seek the other four document requests under 28 U.S.C. § 1782. In any event, the five requests that Mrs. James de Holguín says are "unrelated" to the will or MOU are:

1. Any additional testamentary documents signed by the Decedent disposing of his assets upon his death or additional documents identifying his assets.
2. A copy of the Trust Agreement of the Frayle Trust and any other trust documents relating to the Decedent.
3. All documents relating to the Decedent's estate.

    4. Any communications between Mrs. Rubio and the Decedent relating to the Decedent's estate.

    5. A sworn Affidavit of Authenticity referencing and exhibiting documents produced in response to these requests and stating if true that the documents exhibited thereto are true and complete copies of the originals kept by the Discovery subjects.

(Obj. 5-6). Those fall flatly within the purview of the Florida litigation.

    To be sure, Florida Rules of Civil Procedure allow for discovery of any unprivileged matter "that is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party[.]" Fla. R. Civ. P. 1.280(b)(1). As such, the standard in the Florida litigation is relevance to the claims and defenses involved—not relevance to the will and MOU per se. Even then, the above requests all appear to relate in some way to the Florida Will and the MOU. Mrs. James de Holguín makes no effort in her objections to convince the Court otherwise. She, for example, provides no explanation as to why her request for "[a]ll documents relating to the Decedent's estate" is not within the purview of the Florida litigation.

    That the Respondents may object to Mrs. James de Holguín's requests in the Florida proceedings is not relevant here for the reasons Judge Torres cites. (*See* R&R 9.) Should Mrs. James de Holguín learn of potential discovery that is related exclusively to the Colombian litigation, she may file another application under 28 U.S.C § 1782 with the Court.

    **Done and ordered** at Miami, Florida on March 29, 2022.

_____
Robert N. Scola, Jr.
United States District Judge